IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| ANTHONY CORSINI, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>VALLEY NATIONAL BANK and VALLEY NATIONAL BANCORP,<br><br>Defendants. | No.: 24 Civ. 8853<br><br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

Plaintiff, Anthony Corsini, individually and on behalf of all others similarly situated, through his undersigned attorneys, brings this lawsuit against Valley National Bank and Valley National Bancorp ("Valley") ("Defendants") seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq.* ("NJWHL"). The following allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Valley National Bancorp is a publicly traded company listed on the NYSE.

2. Valley National Bank, a subsidiary of Valley National Bancorp, is a regional bank with approximately $62 billion in assets. Valley operates branch locations in New Jersey, New York, Florida, Alabama, California, and Illinois.[1]

3. Valley offers both its personal and business customers a variety of financing

---

[1] Valley National Bank Corporate Profile, https://ir.valleynationalbank.com/corporate-profile/default.aspx (last visited August 26, 2024).

options.

4. In order to do so, Defendants employs individuals, such as Plaintiff and those similarly situated ("Underwriters") to review mortgage loan applications to ensure they conform with Valley's policies and guidelines.

5. Plaintiff and similarly situated Underwriters for Defendants regularly work over 40 hours per workweek.

6. Regardless of the number of hours worked, Defendants pay Underwriters on a salary basis and do not pay overtime compensation for hours worked over 40 per workweek.

7. In this regard, Defendants improperly classify Underwriters as exempt from overtime.

8. As such, Defendants failed to pay Underwriters overtime owed under the FLSA and corresponding state wage and hour laws.

9. Plaintiff brings this action on behalf of himself and similarly situated Underwriters who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b) to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

10. Plaintiff also brings this action on behalf of himself and similarly situated Underwriters in New Jersey pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NJWHL, 34:11-56a *et seq.*; 34:11-4.1, *et seq*.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. This Court also has jurisdiction over Plaintiff(s)' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants operates business within this district, Defendants are residents of the State of New Jersey, and also because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

**Plaintiff Anthony Corsini**

14. Anthony Corsini ("Corsini") is an adult residing in New York.

15. Corsini was employed by Defendants from approximately 2013 until December 1, 2023 in Totowa, NJ and Little Silver, NJ. During his employment, Corsini worked as an Underwriter from approximately 2021 until December 1, 2023.

16. Corsini is a covered employee within the meaning of the FLSA and the NJWHL.

17. A written consent form for Corsini is being filed with this Class Action Complaint.

**Defendants Valley National Bancorp and Valley National Bank**

18. Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

19. Each Defendant has had a substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

20. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

21. During all relevant times, Defendants' operations have been interrelated and unified.

22. During all relevant times, Defendants have shared a common upper management and have been centrally controlled and or owned by Defendants.

23. During all relevant times, Defendants have centrally controlled the labor relations at Valley Bank owned by Defendants.

24. Defendant Valley National Bancorp is a regional bank holding company headquartered in Wayne, New Jersey, organized and existing under the laws of New Jersey.

25. Defendant Valley National Bank is Valley National Bancorp's principal subsidiary operating branches throughout New Jersey and other states.

26. Valley National Bank is the entity listed on Plaintiff's paystubs.

27. Defendants are each covered employers within the meaning of the FLSA and NJWHL, and, at all times relevant, employed Plaintiff and similarly situated employees.

28. At all times relevant, Defendants have maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to: hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

29. Defendants apply the same employment policies, practices, and procedures to all Underwriters at Valley, including policies, practices, and procedures regarding payment of wages to Underwriters who work over 40 hours in a workweek.

30. Valley's annual gross volume of sales made or business done was at least $500,000.

**COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly persons who work or have worked as Underwriters for Defendants, and any subsidiaries, nationwide who elect to opt-in to this action (the "FLSA Collective").

32. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

33. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid overtime when they worked more than 40 hours in a workweek.

34. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

35. As part of their business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violation the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all wages hours in excess of 40 hours per workweek.

## NEW JERSEY CLASS ACTION ALLEGATIONS

36. Plaintiff brings the Second Cause of Action, a NJWHL Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All Underwriters employed by Defendants, and any subsidiaries, alter egos, or co-employers, in New Jersey between November 1, 2019 and the date of final judgment this matter (the "NJWHL Class").

37. The members of the NJWHL Class are so numerous that joinder of all members is impracticable, and the disposition of their claim as a class will benefit the parties and the Court.

38. There are more than fifty members of the NJWHL Class.

39. Plaintiff's claim is typical of the claim that could be alleged by any member of the NJWHL Class, and the relief sought is typical of the relief which would be sought by each member of the NJWHL Class in separate actions.

40. Plaintiff and the NJWHL Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct.

41. Defendants' corporate-wide policies and practices affected everyone in the NJWHL Class similarly, and Defendants benefited from the same unfair and/or wrongful acts as to each member of the NJWHL Class.

42. Plaintiff is able to fairly and adequately protect the interests of the NJWHL Class and has no interests antagonistic to the NJWHL Class.

43. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

45. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

46. Common questions of law and fact exist as to the NJWHL Class that predominate over any questions only affecting Plaintiff and/or each member of the NJWHL Class individually and include, but are not limited to, whether Defendants correctly compensated Plaintiff and the NJWHL Class for hours worked in excess of 40 per workweek.

## FACTUAL BACKGROUND

47. Consistent with their policies and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Anthony Corsini**

48. Corsini was employed by Defendants from approximately 2013 until December 1, 2023 in Totowa, NJ and Little Silver, NJ. Corsini worked as an Underwriter from approximately 2021 until December 1, 2023.

49. Throughout his employment, Corsini regularly worked over 40 hours per week.

50. In fact, at times, Corsini worked between 8 and 12 hours a day, up to 7 days a week.

51. Most recently, Defendants paid Corsini an annual salary of approximately $80,000 per year.

52. Despite regularly working over 40 hours per workweek, Defendants did not pay Corsini overtime compensation.

53. As an Underwriter, Corsini's primary duties were to review loan applications to ensure that they conformed to policies and guidelines set by Defendants.

54. Corsini was not involved in developing underwriting guidelines or credit policy.

55. Corsini did not determine which loan products Valley offered customers.

56. Corsini was evaluated in part based on productivity and turnaround time.

57. Corsini's job performance was subject to review by auditors.

58. Corsini did not have authority to hire or fire employees.

59. Corsini did not have authority to interview applicants.

60. Defendants failed to pay proper overtime compensation due to its policy and

practice of not paying Corsini and similarly situated employees for all compensable time they worked.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### Brought on behalf of Plaintiff and the FLSA Collective

61. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

63. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of one and one-half times the full minimum wage rate or their regular rate of pay, whichever is greater – for all hours worked beyond 40 per work week.

64. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

65. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
New Jersey Wage and Hour Law – Overtime Wages
Brought on behalf of Plaintiff and the NJWHL Class

66. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

67. Defendants are an employer covered by the NJWHL, N.J.S.A. 34:11- 56a(1)(g).

68. Plaintiff and the NJWHL Class are covered employees by the NJWHL, N.J.S.A. 34:11- 56a(1)(h).

69. The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11 56(a)(1)(d).

70. Throughout the relevant period, Defendants have been subject to the NJWHL and the enabling Regulations noted here.

71. Defendants failed to pay Plaintiff and the NJWHL Class the premium overtime wages to which they were entitled under the NJWHL – at rate of one and one half times their regular rate of pay – for all hours worked beyond 40 per workweek.

72. Defendants' actions in violation of the FLSA have been made willfully to avoid liability under the NJWHL.

73. Defendants' violation of the NJWHL was not a first-time violation resulting from an inadvertent error made in good faith.

74. Defendants and its senior management had no reasonable basis to believe that Plaintiff and Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

75. As alleged herein, Defendants have failed to compensate Plaintiff and the NJWHL class the appropriate overtime wages for hours worked in excess of 40 per workweek.

76. Defendants knew or should have known that its day rate policy would deny

Plaintiff and the NJWHL Class the overtime pay required by New Jersey law.

77. Defendants violated the NJWHL by failing to pay New Jersey overtime wage to Plaintiff and the NJWHL Class.

78. Defendants' violations of the NJWHL were willful.

79. As set forth above, Plaintiff and the NJWHL Class have sustained losses and lost compensation as a proximate result of Defendants' violations.

80. Accordingly, Plaintiff on behalf of himself and the NJWHL, seek damages in the amount of their unpaid earned compensation, interest, liquidated damages, and attorneys' fees and costs. N.J.S.A. § 34:11-56a25.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief.

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Underwriters who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Defendants' locations nationwide.

B. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C. Unpaid overtime wages, and an additional amount of liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  E. Designation of Plaintiff as representative of the NJWHL Class and counsel of record as Class Counsel;

  F. Unpaid overtime wages, and an additional amount equal to not more than two hundred percent of liquidated damages pursuant to the N.J.S.A. § 34:11-56a, *et seq.,* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

  G. Reasonable attorneys' fees and costs of the action; and

  H. Such other and further relief as this Court shall just and proper.

Dated: New York, New York
   August 29, 2024

                 Respectfully Submitted,

                 */s/ Dana M. Cimera*
                 Dana M. Cimera

                 **FITAPELLI & SCHAFFER, LLP**
                 Brian S. Schaffer*
                 Dana M. Cimera
                 28 Liberty Street, 30th Floor
                 New York, New York 10005
                 Telephone: (212) 300-0375
                 bschaffer@fslawfirm.com
                 dcimera@fslawfirm.com


                 *\*Admission pro hac vice forthcoming*

                 *Attorneys for Plaintiff and the*
                 *Putative Class*

FAIR LABOR STANDARDS ACT CONSENT

     1.    I consent to be a party plaintiff in a lawsuit against Valley National Bank and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Anthony Corsini (Dec 11, 2023 17:44 EST)
Signature

  Anthony Corsini
_____
Full Legal Name (Print)